FILED
TARRANT COUNTY
7/8/2016 2:13:36 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-286410-16 _____

| | | |
|---|---|---|
| TODD KLINEFELTER, Plaintiff, | § § § § | IN THE DISTRICT COURT |
| v. | § § § | _____ JUDICIAL DISTRICT |
| NATIONAL FREIGHT INCORPORATED, Defendant. | § § § § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND WRITTEN DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW**, Plaintiff TODD KLINEFELTER, herein after referred to as ("Plaintiff") complaining of and against Defendant NATIONAL FREIGHT INCORPORATED, herein after referred to as ("Defendant"), and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff will submit this action under Discovery Control Plan Level II, per rule 190.3 of the Texas Rules of Civil Procedure.

### II. RELIEF

Plaintiff seeks monetary relief of $100,000 but not more than $200,000.

### III. JURISDICTION AND VENUE

This Court has jurisdiction as Plaintiff's damages sought are within jurisdictional limits of this Court. At least one of the Defendants has a headquarters and a principal office located in Tarrant County, therefore venue is proper in Tarrant County, pursuant to C.P.R.C. § 15.002(a)(3).

### IV. PARTIES AND SERVICE

Plaintiff is an individual domiciled in Jefferson County in Iowa.

Plaintiff's Original Petition, Jury Demand, and Written Discovery Requests-an

SR

Attachment "2"

Defendant, NATIONAL FREIGHT INCORPORATED is a foreign entity doing business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street Ste. 620 Austin, Texas 78701 or wherever it may be found. **Issuance of citation is requested at this time.**

Whenever in this petition it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant or was done in the routine and normal course and scope of employment of that Defendant's officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of all adverse actions and conduct against Plaintiff through Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

## V. JURY DEMAND

Plaintiff hereby respectfully requests that a jury be convened to try the factual issues of this case.

## VI. FACTS

On or about July 6, 2014, Plaintiff was working in the course and scope of his employment as an employee of Defendant NATIONAL FREIGHT INCORPORATED. On the date of incident, Plaintiff was resting in the bed of the trailer when rough winds caused the trailer to turn over. As a result, Plaintiff was injured.

At all times Defendant was negligent in failing to provide a reasonable resting area for Plaintiff. Defendant knew or should have known that the bed of trailer was not suitable for Plaintiff. It was the Defendant's negligence, which was the proximate cause of Plaintiff's personal injury.

## VII. NEGLIGENCE OF DEFENDANT

Defendant's acts or omissions constituted negligence and/or malice in following acts of negligence, to with:

a. In failing to take measures reasonably necessary to protect its employees, agents, and workers, including Plaintiff, from an unsafe condition;

b. In acting with reckless disregard for the safety and welfare of their employees, agents, workers, and others, specifically including Plaintiff;

c. In failing to maintain a safe work environment and supervise employees, agents, or workers;

d. In failing to use due care to avoid injury to Plaintiff;

e. In failing to provide safety training to employees, agents, and workers in order to prevent serious work related injuries; and

f. In failing to act as a reasonably prudent person and/or employer would have done under the same or similar circumstances.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injury and damages that are described below. Plaintiff's cause of action rises out of a basis of law, thus entitling Plaintiff to relief sought.

3

Plaintiff's Original Petition, Jury Demand, and Written Discovery Requests-an

## VIII. TEXAS NONSUBSCRIBER

As Plaintiff's employer was not a subscriber to worker's compensation insurance under Texas law, Defendant is precluded from asserting any common-law defenses, such as contributory negligence, fellow-employee doctrine, and/or assumption of the risk against Plaintiff.

## IX. DAMAGES

As a direct and proximate result of this occurrence, Plaintiff was caused to suffer injuries to his knee and incur the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary for such services in the county where services were provided;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering which, in all reasonable probability, will be suffered in the future;

e. Mental anguish in the past;

f. Mental anguish which, in all reasonable probability, will be suffered in the future;

g. Physical impairment in the past;

h. Physical impairment which, in all reasonable probability, will be suffered in the future;

i. Loss of earning in the past;

j. Loss of earnings which, in all reasonable probability, will be incurred in the future; and,

k. Loss of enjoyment of life in the past, and which, in all reasonable probability, will be incurred in the future.

## X. REQUEST FOR DISCLOSURES AND WRITTEN DISCOVERY

Pursuant to Rule 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a)-(l) within fifty (50) days if the service of this request.

Under Texas Rules of Civil Procedure 196, 197, 198, and 193.3 (b), Plaintiff requests that Defendant respond, within 50 days of service of this request to Plaintiff's First Set of Written Discovery to Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded and served upon Defendants National Freight Incorporated, hereinafter referred to as "Defendant," and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

### DEFINITION

1. "Defendant" refers to Defendant NATIONAL FREIGHT INCORPORATED, unless otherwise specified, and the term includes employees, agents, servants, and representatives.

Plaintiff's Original Petition, Jury Demand, and Written Discovery Requests-an

5

    e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

8. "Identify" or "describe" when referring to a tangible item, means you must state the following:

    a. The nature of the item

    b. The name or identifying marks or symbols that appear on the item.

    c. The present location of the item, and the name, address, position or title, and telephone number of the person or persons having custody of the item.

9. "Identity" or "describe" when referring to a person, means you must state the following:

    a. The full name.

    b. The present or last known residential address and residential telephone number.

    c. The present or last known office address and office telephone number.

    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

    e. In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

10. The "Incident" or "Incident in question" refers to the occurrence more specifically described in Plaintiff's Petition above involving TODD KLINEFELTER.

11. "Tangible item" means any physical object or depiction of a physical object in your actual possession, custody, or control, including those in the possession, custody, or

**INTERROGATORY NO. 3:**

Please state whether you or your business entity has had a transfer of ownership in the last five (5) years and, if so, the dates of transfer and the names, addresses, and telephone numbers of the persons, parties, and/or entities to the transfer and the current owner(s).

**ANSWER:**

**INTERROGATORY NO. 4:**

Was any warning regarding the bed area of the trailer, whether oral or written, given to Plaintiff prior to the incident? If so, please state the details of such warning, including exactly what danger it warned of and when such warning was given.

**ANSWER:**

**INTERROGATORY NO. 5:**

Was any protective gear provided to Plaintiff to avoid a work related injury, if so describe such gear, where it was located and when it was provided to plaintiff prior to the injury?

**ANSWER:**

**INTERROGATORY NO. 6:**

Please set forth a detailed description of all written instructions and/or training Plaintiff was given before the date in question, regarding the bed of trailer involved in incident.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please set forth a detailed description of all conversations any of Defendant's employees, workers, and/or agents had with Plaintiff regarding the date in question.

**ANSWER:**

**INTERROGATORY NO. 8:**

Please state whether any information or documents responsive in whole or in part to these interrogatories have been withheld on the basis of any privilege. If so, please identify the

information or documents being withheld and state each privilege upon which the withholding of any information or document is based.

**RESPONSE**

**INTERROGATORY NO. 9:**

Please provide an in depth description of how the entity conduct business, including but not limited to the following: Defendant's full and correct legal name, the date on which the entity started doing business, present address of its principal place of business, the name and address of all owners, officers, and directors, as well as name and address of any parent company, subsidiary companies, each partner (whether general or limited), and/or sole proprietor, in addition to the name(s) under which Defendant operates and/or does business, both at present and on the date of incident.

Also in your answer include the following where applicable: if a Corporation, the date on which incorporated, when the Corporation was licensed to do business in the State of Texas, and the Corporation Charter number; or if a general or limited partnership, and the business address(es) of the partnership; or if a sole proprietorship, the business address(es) of the proprietorship; or if a joint venture, the new name and address of each joint venturer, and its business address(es).

**RESPONSE:**

## PLAINTIFF'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

A copy of any photograph, the Defendant has actual or constructive possession of, depicting any relevant matter to the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

A copy of any accident and/or investigation report prepared by Defendant, its agents, representatives, and/or any individual and/or business entity contracted to investigate the incident. If no report has been prepared, the preparation of a report is hereby requested.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

A copy of any accident location video and/or photograph that Defendant have of the accident location in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

A copy of any safety manual, safety policy, safety procedure, or safety guideline that applied to Plaintiff at the time of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

A copy of any document relating to any safety meetings attended by Plaintiff from the time he was employed by Defendant. This request includes, but is not limited to, the date of each meeting, topics covered, who conducted the meetings, and who attended the meetings.

**RESPONSE:**

Plaintiff's Original Petition, Jury Demand, and Written Discovery Requests-an

11

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff be awarded judgment against Defendant for monetary relief over $100,000 but not more than $200,000, which is within the jurisdictional limits of the Court; pre and post judgment interest; costs of Court; and such other and further relief to which Plaintiff may be entitled to at law or in equity.

Respectfully Submitted,

KASTL LAW, P.C.

/s/ Kristina N. Kastl
Kristina N. Kastl
State Bar No.: 24025467
Email: KKastl@Kastllaw.com
April Nzechukwu
Email: apri@kastllaw.com
State Bar No.: 24080308
Dallas (Main Office)
4144 N. Central Expressway, Ste. 300
Dallas, Texas 75204
Fort Worth Office
5001 S. Hulen Ste 102
Fort Worth, Texas 76132
Telephone: (214) 821-0230
Facsimile: (214) 821-0231